1

2

3

4

5 UNITED STATES DISTRICT COURT

6 EASTERN DISTRICT OF WASHINGTON

7 MICHAEL SCOTT MACLAY, a
single person,
8                                                      NO:  2:14-CV-91-RMP

                          Plaintiff,      ORDER GRANTING DEFENDANTS'
9        v.                                MOTION FOR SUMMARY
                                           JUDGMENT
10 COUNTY OF SPOKANE; SPOKANE
COUNTY SHERIFF'S
11 DEPARTMENT; OZZIE
KNEZOVICH; BRENDA NELSON;
12 DEPUTY J. COOK; and SPOKANE
COUNTY JAIL,
13
                          Defendants.
14

15        BEFORE THE COURT is Defendants' Motion for Summary Judgment,

16 **ECF No. 6**.  The Court heard the motion without oral argument on December 12,

17 2014.  The Court has reviewed the motion, Plaintiff's response, ECF No. 9,

18 Defendants' reply, ECF No. 11, all supporting documentation and relevant filings,

19 and is fully informed.

20

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 1

Plaintiff filed this 42 U.S.C. § 1983 action in Spokane County Superior Court against Spokane County, the Spokane County Sheriff's Department, the Spokane County Jail, Sheriff Ozzie Knezovich, Deputy J. Cook, and Brenda Nelson, an employee of the Spokane County Jail.  ECF No. 1.  Plaintiff alleges violations of his rights under Article I of the Washington State Constitution and the Eighth Amendment to the U.S. Constitution.  ECF No. 1.  Plaintiff contends that Defendants are liable personally and on the bases of agency and the doctrine of respondeat superior.  ECF No. 1.  Plaintiff requests monetary and injunctive relief. ECF No. 1.  Defendants removed this action to federal court.  ECF No. 1. Defendants now move for summary judgment as to all claims against them pursuant to Federal Rule of Civil Procedure 56, on the basis that there are no genuine issues of material fact to be resolved at trial.  For the reasons stated below, the Court grants the motion.

## BACKGROUND

Plaintiff Michael Scott Maclay (hereinafter "Plaintiff") alleges that he suffers from asbestosis.  ECF No. 9 at1; 9-2 at 1 (Pl.'s Decl.).  He states that on October 22, 2010, he reported to Spokane County Jail regarding a civil bench warrant, but was turned away, allegedly because of his medical condition.  ECF

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 2

No. 9 at 2.  Defendants contend that Plaintiff was turned away because the jail did not have a "due-in commitment" for Plaintiff.[1]  ECF No. 8-2.

Plaintiff alleges that on October 27, 2010, he faxed to Defendant Brenda Nelson documentation evidencing that he suffers from asbestosis for which he requires medication.  ECF No. 9-1.  At the time, Plaintiff apparently believed that Brenda Nelson was a jail supervisor and the Operation's Manager responsible for obtaining Plaintiff's prescribed medications prior to his arrival, ECF Nos. 9-1; 1 at 3.  There is no corroborating evidence that the jail ever received the letter and documentation from Plaintiff or that Plaintiff ever received a response from the jail regarding his letter.

On February 21, 2011, Sheriff's Deputy J. Cook stopped Plaintiff's vehicle for speeding.  ECF No. 8-2.  Defendants state that Deputy Cook conducted a records check on Plaintiff's name and learned that there was a civil bench warrant for Plaintiff's arrest.  ECF No. 8-3.  Deputy Cook inquired of Plaintiff regarding the warrant, and Plaintiff alleges that he informed Deputy Cook that he reported to the jail in October but was turned away.  ECF No. 9 at 2.  Deputy Cook arrested Plaintiff and transported him to the Spokane County Jail.  ECF No. 8-3.

---

[1] Spokane County Jail received the arrest warrant approximately four and a half hours after Plaintiff was turned away.  ECF No. 8-4.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

Plaintiff alleges that he again informed jail personnel of his medical condition and required medications during intake on February 21, 2011.  ECF Nos. 8-4, 9.  Plaintiff apparently did not have any medication in his possession at the time.  Plaintiff's daughter and son-in-law attest that they called the jail that day and requested that they be permitted to bring Plaintiff's medication to him and that they renewed their request to provide medication during the Plaintiff's first appearance in court.  ECF Nos. 9-3, 9-4.  They allege that the request was denied both times. ECF Nos. 9-3, 9-4.

Over the next 62 hours, Plaintiff was seen five separate times by four different medical professionals at the jail.  He was denied access to his prescriptions, and alleges having suffered various injuries from the deprivation, including an inability to breathe or sit up, a respiratory infection, a stroke, and having "blacked out" in his cell.  ECF Nos. 1 at 4; 9 at 3.  A jail nurse gave Plaintiff a Release of Information form to enable the jail medical personnel to obtain Plaintiff's medical information from his doctor, but he refused to sign it. ECF No. 8-5.

Defendants argue that summary judgment is appropriate as to the Spokane County Sheriff's Department and the Spokane County Jail because neither are legal entities subject to suit, ECF No. 6 at 4; as to Sheriff's Deputy J. Cook, Brenda Nelson, and Ozzie Knezovich, because liability under § 1983 cannot be

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

1    based on respondeat superior, and Plaintiff cannot show that Defendants personally

2    participated in the harms alleged by Plaintiff, ECF No. 6 at 4-5; and as to Spokane

3    County, because Plaintiff has failed to show the constitutional violation alleged by

4    Plaintiff is the result of an official policy or custom, ECF No. 6 at 5.

5                                    **DISCUSSION**

6            Summary judgment is appropriate when the moving party establishes that

7    there are no genuine issues of material fact and that the movant is entitled to

8    judgment as a matter of law.  Fed. R. Civ. P. 56(a).  If the moving party

9    demonstrates the absence of a genuine issue of material fact, the burden then shifts

10   to the non-moving party to set out specific facts showing a genuine issue for trial.

11   *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).  A genuine issue of material

12   fact exists if sufficient evidence supports the claimed factual dispute, requiring "a

13   jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W.*

14   *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987).

15           The evidence presented by both the moving and non-moving parties must be

16   admissible.  Fed. R. Civ. P. 56(e).  Evidence that may be relied upon at the

17   summary judgment stage includes "depositions, documents, electronically stored

18   information, affidavits or declarations, stipulations . . . admissions, [and]

19   interrogatory answers . . . ."  Fed. R. Civ. P. 56(c)(1)(A).  The court will not

20   presume missing facts, and non-specific facts in affidavits are not sufficient to

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 5

support or undermine a claim.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

In evaluating a motion for summary judgment, the Court must draw all reasonable inferences in favor of the nonmoving party.  *Dzung Chu v. Oracle Corp. (In re Oracle Corp. Secs. Litig.)*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).  However, "when opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of that facts . . . ."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

To state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States.  *See Parratt v. Taylor,* 451 U.S. 527, 535 (1981), *overruled in part on other grounds by Daniels v. Williams,* 474 U.S. 327 (1986).  Implicit in the second element is a third element of causation.  *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle,* 429 U.S. 274, 286–87 (1977).

Municipalities are "persons" subject to suit under § 1983, *Monell v. New York City Dept. of Soc. Serv's*, 436 U.S. 658, 690 (1978), but neither municipalities nor individuals may be subject to liability under § 1983 based on respondeat

superior.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (". . . Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979) (". . . vicarious liability may not be imposed on a state or municipal official for acts of lower officials in the absence of a state law imposing such liability."). Plaintiff has cited no Washington statute creating an exception to this rule. Regardless, "liability may attach if an employee commits an alleged constitutional violation pursuant to a formal governmental policy or a longstanding practice or custom which constitutes the standard operating procedure."  *Hervey v. Estes*, 65 F.3d 784, 791 (9th Cir. 1995) (internal quotation marks omitted).

**A. Claims Against Brenda Nelson**

Plaintiff has sued Brenda Nelson, apparently under the mistaken impression that Ms. Nelson is, or was, a jail supervisor and Operations Manager responsible for ensuring that Plaintiff received proper medical care or his prescribed medications while incarcerated at Spokane County Jail.  The record clearly contradicts this assumption, and Plaintiff fails to present any evidence suggesting otherwise.  *Compare* ECF No. 9 at 5 (providing no support for the allegation that "Defendant Brenda Nelson . . . . as jail supervisor, [ ] was directly responsible for the implementation of jail policies and procedures, including procedures regarding medications."), *with* ECF No. 10 at 2 (Brenda Nelson Aff.) ("I am the 'Fugitive

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 7

Transport Coordinator' . . . . I have never been a jail supervisor nor responsible for jail policies and procedures, including procedures regarding medication"). Not only was Ms. Nelson not a supervisor, but respondeat superior cannot provide a basis for liability in § 1983 actions. *Iqbal*, 556 U.S. at 676.

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has not pleaded any facts supporting the allegation that Ms. Nelson violated Plaintiff's constitutional rights through her own individual actions and has not submitted any evidence that Ms. Nelson's conduct "deprived the plaintiff of rights, privileges or immunities secured by the Constitution or the laws of the United States." *See Parratt,* 451 U.S. at 535. Thus, there is no genuine issue of material fact regarding Ms. Nelson's liability and no evidence of wrongdoing by Ms. Nelson. Therefore, the claims against her are dismissed with prejudice.

**B. Claims Against Deputy J. Cook**

Plaintiff alleges that Deputy Cook violated his constitutional rights when he arrested Plaintiff because Plaintiff informed Deputy Cook that he had reported to the jail and had been turned away. ECF No. 9 at 5. Plaintiff claims the arrest itself

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 8

1    constituted a violation of Plaintiff's due process rights under the Washington State

2    Constitution, and presumably, the U.S. Constitution.[2]

3        Plaintiff does not allege that Deputy Cook lacked probable cause when he

4    stopped Plaintiff.  Nor does he allege that Deputy Cook did not have a lawful duty

5    to arrest him based on the civil bench warrant.

6        Moreover, there is no allegation that Deputy Cook had any knowledge of

7    Plaintiff's injuries apart from Plaintiff's alleged statements to him at the scene of

8    arrest that the jail might not have the medical resources available to treat Plaintiff's

9    illness.  In fact, the record suggests the contrary.  It appears that the only

10    information that Deputy Cook had access to at the time of arrest was a warrant for

11    Plaintiff's arrest.  ECF No. 8-3.  The "Notification of Inmate Turned Away"

12    document that was issued when Plaintiff reported to the jail in October 2010 states

13    only that "[t]he jail had no due-in commitment for this person."  ECF No. 8-1.

14        Plaintiff has not submitted any evidence that Deputy Cook's conduct

15    "deprived the plaintiff of rights, privileges or immunities secured by the

16    Constitution or the laws of the United States."  *See Parratt,* 451 U.S. at 535.

17

18    [2] 42 U.S.C. § 1983 applies to officials acting under color of state law when they

19    violate federal law, not state law.  *See Mitchum v. Foster*, 407 U.S. 225, 239

20    (1972).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 9

1    Without more, there is no genuine issue of material fact regarding Deputy Cook's

2    liability for the harms that Plaintiff alleges and no evidence of any wrongdoing by

3    Deputy Cook.  Therefore, the claims against Deputy Cook are dismissed with

4    prejudice.

5    **C. Claims against Sheriff Ozzie Knezovich**

6            Plaintiff contends that Sheriff Knezovich is liable for the violation of his

7    constitutional rights based on respondeat superior, ECF No. 1, and based on his

8    personal responsibility "for the creation and implementation of jail policies and

9    procedures, including those on prescription medications," ECF No. 9 at 5.

10           Because respondeat superior cannot form a basis for liability in § 1983

11   actions, *Iqbal*, 556 U.S. at 676, Plaintiff must show that Sheriff Knezovich violated

12   Plaintiff's constitutional rights through his individual actions, *id.*  Plaintiff must

13   show either that Sheriff Knezovich personally neglected to properly supervise jail

14   personnel who violated Plaintiff's constitutional rights, or personally created or

15   implemented the alleged jail policies and procedures regarding prescription

16   medications.

17           Plaintiff does not allege that Sheriff Knezovich neglected to supervise jail

18   personnel.  To the contrary, Plaintiff alleges that jail personnel followed the

19   provisions of the alleged jail policy when they refused to accept Plaintiff's

20   prescription medications from his daughter and son-in-law.  Instead, Plaintiff

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 10

argues that the implementation of the alleged jail policy prohibiting outside medications violated his constitutional rights.  Therefore, in order to overcome summary judgment as to Sheriff Knezovich, Plaintiff must allege some specific facts and provide evidence to create a genuine issue of material fact regarding whether Sheriff Knezovich personally created or implemented the alleged jail policies and procedures prohibiting outside medications.  But Plaintiff has not pleaded any facts supporting the contention that Sheriff Knezovich personally created the alleged jail policy on prescription medications.

Even if Plaintiff were able to prove that Sheriff Knezovich personally implemented the alleged jail policy or custom regarding prescription medications, Plaintiff must still make the requisite showing of liability to withstand summary judgment.  To support an Eighth Amendment violation under § 1983, a plaintiff must show that a defendant acted with "deliberate indifference" to a prisoner's serious illness or injury sufficient to constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976).[3]  Negligent conduct alone is not sufficient.  *Daniels v. Williams*, 474 U.S. 327, 329-30 (1986).

---

[3]"Claims by pretrial detainees are analyzed under the Fourteenth Amendment Due Process Clause, rather than under the Eighth Amendment . . . .  Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards."

Similarly, to make out a § 1983 claim for a violation of a plaintiff's due process rights under the Fourteenth Amendment, a plaintiff must show more than negligence. *Id.* at 330-32. "Far from an abuse of power, lack of due care suggests no more than a failure to measure up to the conduct of a reasonable person. To hold that injury caused by such conduct is a deprivation within the meaning of the Fourteenth Amendment would trivialize the centuries-old principle of due process of law." *Id.* at 330-32. A plaintiff alleging a Fourteenth Amendment violation must allege a "deliberate decision[]" by a government official to deprive an individual of life, liberty, or property. *Id.* at 331.

Even assuming that Sheriff Knezovich implemented the alleged policy or custom at issue here, there is nothing in the record to support the contention that he either acted with deliberate indifference to Plaintiff's serious illness sufficient to constitute cruel and unusual punishment or made a deliberate decision to deprive Plaintiff of due process. *See Estelle*, 429 U.S. at 105. Plaintiff fails to allege any specific facts illustrating that Sheriff Knezovich even acted negligently when he arguably implemented the alleged policy.

---

*Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) (citing *Bell v. Wolfish*, 442 U.S. 520, 535 n.16 (1979).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 12

Plaintiff has failed to raise a genuine issue of material fact as to whether Sheriff Knezovich deliberately violated Plaintiff's constitutional rights by personally creating or implementing the alleged jail policies and procedures. Plaintiff has failed to support the contention that Sheriff Knezovich acted with deliberate indifference to Plaintiff's serious illness sufficient to constitute cruel and unusual punishment or made a deliberate decision to deprive Plaintiff of due process. Therefore, Plaintiff's claims against Sheriff Knezovich are dismissed with prejudice.

**D. Spokane County Sheriff's Department and Spokane County Jail**

Plaintiff has sued both the Spokane County Sheriff's Department and the Spokane County Jail for alleged violations of his constitutional rights. ECF No. 1. Defendants contend that the Sheriff's Department and the County Jail are not legal entities subject to suit. ECF No. 6 at 4. The Ninth Circuit has not expressly ruled on whether a county sheriff's department or jail constitutes a legal entity subject to suit, but the Eleventh Circuit has stated that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit . . . but capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)).

In one case, the Ninth Circuit considered whether a municipal police department was subject to suit. *Shaw v. State of California Dept. of Alcoholic*

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 13

1  *Beverage Control*, 788 F.2d 600 (9th Cir. 1986).  There, the Ninth Circuit applied

2  the law of the state in which the district court was located, California, to conclude

3  that the police department was a legal entity subject to suit.  *Shaw*, 788 F.2d at 605.

4  Similarly, Federal Rule of Civil Procedure 17(b) states that the law of the state

5  where the Court is located determines capacity to sue or be sued.

6        Federal district courts sitting in Washington State have concluded that

7  Washington municipal police and sheriff's departments are not legal entities

8  subject to suit.  *See, e.g., Van Vilkinburgh v. Wulick*, No. C07-5050FDB, 2008 WL

9  2242470, at *1 (W.D. Wa. May 29, 2008); *Burton v. Hale*, No. C06-654-MJP-JPD,

10  2008 WL 623718, at *2 (W.D. Wa. Mar. 4, 2008); *Lopez v. Benton County*

11  *Sheriff's Office*, No. CV-12-5016-LRS, 2012 WL 5986420, at *1 (E.D. Wa. Nov.

12  29, 2012); *Bibbins v. Des Moines Police Dept.*, No. C13-139RAJ, 2014 WL

13  908884, at *2 (W.D. Wa. Mar. 7, 2014); *Bradford v. City of Seattle*, 557 F.Supp.2d

14  1189, 1207 (W.D. Wa. 2008); *Rengo v. Cobane*, No. C12-298TSZ, 2013 WL

15  5913371, at *4 (W.D. Wa. Nov. 4, 2013); *Rangel v. United States*, No. CV-09-

16  3061-EFS, 2010 WL 3715489, at *2 (E.D. Wa. Sept. 13, 2010); *Runnels v. City of*

17  *Vancouver*, No. C10-5913BHS, 2011 WL 1584442, at *11 (W.D. Wa. Apr. 27,

18  2011).

19

20

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 14

Defendants cite *Nolan v. Snohomish County*, 59 Wn. App. 876 (1990), in which the Washington Court of Appeals interpreted Washington State law and concluded that:

> RCW 36.32.120(6), read together with RCW 36.01.010 and .020, makes clear the legislative intent that in a legal action involving a county, the county itself is the only legal entity capable of suing and being sued.  It follows that a county council is not a legal entity separate and apart from the county itself.  Jurisdiction over the [municipal department] is achieved by suing [the] County.

*Nolan*, 59 Wn. App. at 883.

The Court agrees with both the Washington Court of Appeals interpretation of Washington State law and the prevailing position of the federal district courts in Washington State that the Spokane County Sheriff's Department and the Spokane County Jail are not legal entities subject to suit.  Plaintiff has not raised a genuine issue of material fact regarding their capacity to be sued.  Therefore, Plaintiff's claims against the Spokane County Sheriff's Department and the Spokane County Jail are dismissed with prejudice, because they are immune from suit.

**E. Spokane County**

Plaintiff claims Spokane County is liable for the actions of the Sheriff's Department and the jail on the basis of respondeat superior and agency principles.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 15

ECF No. 1.  On the grounds previously stated, any claims against Spokane County based on vicarious liability are dismissed.  Plaintiff further contends in his response brief that Spokane County is liable based on its official policy and custom regarding inmate access to prescription medications.  ECF No. 9 at 6-9.

A policy is a "deliberate choice to follow a course of action . . . made from among various alternatives."  *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006).  A local governmental body can be held liable under § 1983 based upon both policies of action and inaction.  *See Gibson v. Cnty. of Washoe,* 290 F.3d 1175, 1185–86 (9th Cir. 2002).  A policy of action is one in which the governmental body itself violates someone's constitutional rights, or instructs its employees to do so, whereas a policy of inaction may be based on a governmental body's "failure to implement procedural safeguards to prevent constitutional violations."  *Tsao v. Desert Palace, Inc.,* 698 F.3d 1128, 1143 (9th Cir.2012).

Defendants argue that Plaintiff has failed to provide sufficient evidence supporting the existence of a jail policy or custom regarding inmate access to prescription medications.  ECF No. 11 at 6.  Defendants specifically contest Plaintiff's use of a local newspaper article as evidentiary support for the existence of the jail's policy.  ECF No. 11 at 5-6.  Defendants are correct that any evidence that the Court considers at this stage must be admissible, Fed. R. Civ. P. 56(c), and the newspaper article is not admissible as submitted.  Therefore, Plaintiff has failed

to provide sufficient evidence to raise a genuine issue of material fact as to whether there is a jail policy or custom regarding inmate access to prescription medications that could give rise to Plaintiff's claim of a constitutional violation.

The Court finds that, because there is no genuine issue of material fact and no evidence supporting Plaintiff's claim at the summary judgment stage, that summary judgment in favor of Spokane County is appropriate.

Accordingly, **IT IS HEREBY ORDERED**:

(1) Defendants' Motion for Summary Judgment, **ECF No. 6**, is **GRANTED**;

(2) Plaintiff's complaint against Defendant Brenda Nelson is **DISMISSED** with prejudice.

(3) Plaintiff's complaint against Defendant Deputy J. Cook is **DISMISSED** with prejudice.

(4) Plaintiff's complaint against Defendant Sheriff Ozzie Knezovich is **DISMISSED** with prejudice.

(5) Plaintiff's complaint against Defendant Spokane County Sheriff's Department is **DISMISSED** with prejudice.

(6) Plaintiff's complaint against Defendant Spokane County Jail is **DISMISSED** with prejudice.

/ / /

/ / /

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 17

1    (7) Plaintiff's complaint against Defendant Spoken County is **DISMISSED**

2    with prejudice.

3    The District Court Clerk is directed to enter this Order, **terminate all**

4    **Defendants**, **close** the file, and provide copies of this Order to counsel.

5    DATED this 22nd day of December 2014.

6    _____*s/ Rosanna Malouf Peterson*_____
     ROSANNA MALOUF PETERSON

7    Chief United States District Court Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 18